UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVIA BLOUNT,<br><br>  Plaintiff,<br><br>  v.<br><br>CONTRA COSTA COUNTY FAMILY COURT, et al.,<br><br>  Defendants. | Case No. 25-cv-02211-JSW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND JUDGMENT**<br><br>Re: Dkt. No. 6 |

This matter comes before the Court upon consideration of Magistrate Judge Sallie Kim's report and recommendation ("Report"), in which she recommends the Court dismiss Plaintiff's Complaint, without prejudice to refiling in state court. Plaintiff objects to the Report (Dkt. No. 7). She also has filed an amended complaint (Dkt. No. 11). The Court has considered the Report, each of Plaintiff's filings in this case, and relevant legal authority.

Plaintiff brings this putative civil rights action against the Contra Costa County Family and Superior Courts, Contra Costa County, and Judge Gina Dashman. Plaintiff's claims arise out of visitation and custody disputes. In one of her most recent filings, Plaintiff states that she has been unsuccessfully attempting to file motions in those proceedings to hold the child's father in contempt. (*See, e.g.,* Dkt. No. 11.)[1]

Judge Kim recommended dismissing the matter against Judge Dashman based on judicial immunity. Plaintiff objects on the basis that Judge Dashman's actions were administrative. An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump v. Starkman*, 435 U.S. 349, 362 (1978).

---

[1] The Court has considered all of Plaintiff's filings to assess whether it should grant leave to file an amended complaint in this Court.

To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted). Plaintiff alleges Judge Dashman failed to issue a written order. The Court finds Judge Kim's reasoning through and overrules Plaintiff's objections to dismissing the claims against Judge Dashman. The Court also has considered the allegations in Plaintiff's amended complaint and the other materials she has filed and concludes the allegations still show Judge Dashman would be entitled to judicial immunity. (*See* Amended Complaint ¶¶ 8-9, 15, 18-19; *see also* Dkt. No. 16.)

Plaintiff also sued Contra Costa County and the Family Court. Judge Kim also recommended dismissing the case based on the *Rooker-Feldman* doctrine reasoning that Plaintiff asks to reverse state court orders. Plaintiff argues she is only challenging "unconstitutional procedures in the enforcement of a restraining order," citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004). (Objections at 3:5-7.) The Court does not find Plaintiff's reliance on *Kougasian* persuasive. First, Plaintiff does not allege that the state court judgments were procured by fraud on the courts. Second, the wrongs alleged in her Complaint are based on Judge Dashman's failure to issue a written order or other judicial actions. For that reason, the Court concludes Judge Kim's decision was well-reasoned.

Plaintiff's additional filings do not alter the Court's conclusion. Plaintiff continues to argue Judge Dashman did not issue a written order and has continued to enforce an expired restraining order. Plaintiff also now alleges she has been denied access to the court by those decisions, by "systemic delays", and by the failure to accept motions to hold her ex-partner in contempt. (Amended Complaint ¶¶ 10.c, 18; *see also* Dkt. Nos. 21-22.)[2]

Finally, assuming Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, the Court still finds dismissal is warranted. Judge Kim also recommended abstaining based on

---

[2]     Plaintiff includes allegations about actions that her ex-husband has taken that, in her view, violate state court orders. (Amended Complaint ¶¶ 11-14.)

2

*Younger v. Harris*, 401 U.S. 37 (1971).  A court is required to abstain under *Younger* when "(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions." *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1988) internal citations and quotations omitted).

Plaintiff does not suggest the state court proceedings have concluded, and her filings suggest otherwise.  She also does not dispute that the state custody proceedings implicate important state interests.  *See, e.g., H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  Finally, the Court concludes Plaintiff's arguments regarding her inability to file the motion for contempt and the other issues raised in her amended complaint do not demonstrate she lacks an adequate opportunity to present her constitutional claims in the state proceedings.  *See, e.g., id.* at 612-614.

Accordingly, the Court ADOPTS the Report and dismisses the case without prejudice to raising these issues in the state court proceedings.  This Order shall operate as the judgment and the Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 7, 2025

_____
JEFFREY S. WHITE
United States District Judge