## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

___ALIVIA BLOUNT___     9th Cir. Case No. _Unassigned_
Appellant(s),

         vs.     District Court or
                  BAP Case No. _4:25-cv-02211-JSW_

CONTRA COSTA FAMILY + JUDGE GINA DASHMAN
Appellee(s).

### APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1.    Timeliness of Appeal:

    a.  What is the date of the judgment or order that you want this court to review? <u>4/7/25</u>

    b.  Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: <u>NO</u>

        • If you did, on what date did you file the motion? _____

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

    c.  What date did you file your notice of appeal? <u>4/10/25</u>

        • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. _____

**FACTS.** Include all facts that the court needs to know to decide your case.

2.    What are the facts of your case?

IV. Statement of Facts

Appellant Alivia Blount is a parent involved in ongoing child custody and visitation proceedings before the Contra Costa County Family Court. Throughout these proceedings, Appellant experienced significant procedural irregularities that violated her constitutional rights.

Specifically, the presiding judge, Defendant Judge Gina Dashman, failed to issue required written orders after critical hearings, including orders necessary to enforce Appellant's visitation rights. Without written orders, Appellant was deprived of the ability to enforce her legal rights through contempt proceedings or to seek appellate review. This failure prevented Appellant from securing meaningful access to the courts, exacerbating the harm suffered through the ongoing custody dispute.

Further, Appellant alleges that the Family Court improperly continued to enforce an expired restraining order against her, limiting her parental rights without legal authority. When Appellant attempted to file motions to hold the opposing party in contempt for violating court orders, court staff allegedly refused to accept or process her filings, effectively blocking her access to judicial remedies.

These actions caused Appellant substantial harm. She was deprived of scheduled visitation with her child, suffered emotional distress, and endured reputational harm and financial losses resulting from her inability to assert her legal rights. The systemic delays and procedural denials also created a chilling effect, dissuading Appellant from seeking further relief in the state courts.

In response, Appellant filed a pro se civil rights complaint in the United States District Court for the Northern District of California on April 4, 2025. She asserted claims under 42 U.S.C. § 1983 for violations of her First Amendment right to access the courts and her Fourteenth Amendment right to procedural due process, as well as related state law claims. Appellant sought monetary damages for the harm suffered, declaratory relief recognizing the constitutional violations, and injunctive relief preventing further misconduct.

The District Court referred the matter to Magistrate Judge Sallie Kim, who issued a Report and Recommendation recommending dismissal. Judge Kim concluded that Defendant Dashman was entitled to judicial immunity, that Appellant's claims against the Family Court were barred by the Rooker-Feldman doctrine, and that Younger abstention also required dismissal.

9th Cir. Case No. _____                          Page 3

Appellant timely objected to the Report and filed an amended complaint clarifying her claims. Nevertheless, the District Court adopted the Report in full, dismissed the case without prejudice to refiling in state court, and entered judgment on April 7, 2025.

Appellant timely filed this appeal seeking reversal of the dismissal and remand for further proceedings on her constitutional claims.

Appellant respectfully asks the Court to review the following issues:
1. Whether the District Court erred in dismissing Appellant's claims against Judge Dashman on the basis of judicial immunity, where the alleged conduct — failure to issue written orders — was administrative, not judicial, in nature.
2. Whether the District Court erred in applying the Rooker-Feldman doctrine to dismiss Appellant's claims against Contra Costa County and the Family Court, where Appellant challenged systemic procedural violations, not the substance of a state custody judgment.
3. Whether the District Court erred in abstaining from hearing Appellant's claims under Younger v. Harris, where the state proceedings did not provide an adequate opportunity for Appellant to raise her federal constitutional claims.
4. Whether the District Court erred in dismissing Appellant's civil rights complaint without granting leave to further amend in light of her timely objections and amended pleadings clarifying her claims.

Page 4

9th Cir. Case No. _____

## PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP. In this section, we ask you about what happened before you filed your notice of appeal with this court.

**3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?**

1. Recognize that your constitutional rights were violated by the family court's procedures (not the outcome of the custody case itself).

2. Allow your civil rights lawsuit to proceed against:

• Contra Costa County Family Court,

• Contra Costa County, and

• Judge Dashman (personally),

for systemic violations of Due Process, Access to Courts, and other constitutional protections.

3. Deny judicial immunity for Judge Dashman because her failure to issue a written order was administrative (not judicial).

4. Find that Rooker-Feldman does NOT bar your lawsuit because you were not trying to overturn a state judgment — only challenging unconstitutional procedures.

5. Deny abstention under Younger, because the state proceedings did not give you a fair opportunity to raise your federal rights.

And you requested the District Court to:

• Award monetary damages for the harm caused by the unconstitutional conduct.

• Declare that the defendants' conduct was unlawful (a declaratory judgment).

• Grant injunctive relief (order the defendants to stop violating your rights in the future).

• Allow the case to proceed to discovery and trial — meaning you wanted your claims to be heard on their merits.

9th Cir. Case No. _____

**4. What legal claim or claims did you raise in the district court or at the BAP?**

Your Legal Claims (Causes of Action) were:

1. Violation of 42 U.S.C. § 1983 — Civil Rights Act

• Deprivation of federal constitutional rights (First and Fourteenth Amendments) under color of state law.

2. Denial of Access to the Courts (First Amendment).

3. Violation of Procedural Due Process (Fourteenth Amendment).

4. Possibly State Law Claims like Trespass to Chattels (depending on your amended complaint).

3.  **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

n/a

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

**What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?**

Issue 1: Judicial Immunity Wrongly Applied

Law:

9th Cir. Case No. _____

• 42 U.S.C. § 1983 — the federal civil rights statute (your main claim).

• Stump v. Sparkman, 435 U.S. 349 (1978) — the main Supreme Court case on judicial immunity.

• Mireles v. Waco, 502 U.S. 9 (1991) — Supreme Court: judges are immune only for judicial acts, not administrative or nonjudicial acts.

• Forrester v. White, 484 U.S. 219 (1988) — Supreme Court: judges do not have immunity for administrative functions like hiring/firing staff.

Key Point:

• Failure to issue a written order could be administrative, not judicial, and thus not protected by immunity.

Issue 2: Rooker-Feldman Wrongly Applied

Law:

• Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) — Supreme Court: only the U.S. Supreme Court can review final state court judgments.

• District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) — Supreme Court: same rule.

• Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004) — Ninth Circuit: Rooker-Feldman does not bar lawsuits that allege fraud on the court or independent constitutional violations.

• Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003) — Ninth Circuit: Rooker-Feldman applies only when plaintiffs ask federal courts to review or reject state court judgments, not when they challenge state procedures.

Key Point:

• You are challenging unconstitutional procedures, not asking the federal court to reverse a custody judgment.

• Rooker-Feldman does not apply to independent federal constitutional claims.

Issue 3: Younger Abstention Wrongly Applied

9th Cir. Case No. _____

Law:

• Younger v. Harris, 401 U.S. 37 (1971) — Supreme Court: federal courts must abstain from interfering with certain state proceedings.

• H.C. v. Koppel, 203 F.3d 610 (9th Cir. 2000) — Ninth Circuit: family law proceedings generally involve important state interests, but federal courts must NOT abstain if state courts do not provide an adequate opportunity to raise federal issues.

• Trainor v. Hernandez, 431 U.S. 434 (1977) — Supreme Court: Younger abstention does not apply if there is no adequate opportunity to raise constitutional claims in state court.

Key Point:

• If systemic barriers denied you a chance to raise federal claims, Younger does not apply, and the District Court should have heard your case.

---

Issue 4: Failure to Allow Further Amendment

Law:

• Fed. R. Civ. P. 15(a)(2) — Federal rule: Courts must freely give leave to amend when justice requires.

• Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc) — Ninth Circuit: pro se plaintiffs should almost always be given at least one opportunity to amend unless amendment would be clearly futile.

• Cato v. United States, 70 F.3d 1103 (9th Cir. 1995) — Ninth Circuit: courts should give pro se litigants a chance to amend unless it is absolutely clear no amendment could cure the complaint.

Key Point:

• You filed an amended complaint clarifying your claims.

• The District Court should have allowed you to amend again or explained clearly why amendment was futile — and they didn't.

4.

9th Cir. Case No. _____

5.    Did you present all issues listed in Question 6 to the district court or the BAP?
      Answer yes or no: yes

      If not, why not?

6.    What law supports these issues on appeal? (You may refer to cases and
      statutes, but you are not required to do so.)

Issue 1: Judicial Immunity Wrongly Applied

Law:

• 42 U.S.C. § 1983 — the federal civil rights statute (your main claim).

• Stump v. Sparkman, 435 U.S. 349 (1978) — the main Supreme Court case on judicial
immunity.

• Mireles v. Waco, 502 U.S. 9 (1991) — Supreme Court: judges are immune only for judicial
acts, not administrative or nonjudicial acts.

• Forrester v. White, 484 U.S. 219 (1988) — Supreme Court: judges do not have immunity for
administrative functions like hiring/firing staff.

Key Point:

• Failure to issue a written order could be administrative, not judicial, and thus not protected by
immunity.

Issue 2: Rooker-Feldman Wrongly Applied

Law:

9th Cir. Case No. _____                              Page 9

• Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) — Supreme Court: only the U.S. Supreme Court can review final state court judgments.

• District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) — Supreme Court: same rule.

• Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004) — Ninth Circuit: Rooker-Feldman does not bar lawsuits that allege fraud on the court or independent constitutional violations.

• Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003) — Ninth Circuit: Rooker-Feldman applies only when plaintiffs ask federal courts to review or reject state court judgments, not when they challenge state procedures.

Key Point:

• You are challenging unconstitutional procedures, not asking the federal court to reverse a custody judgment.

• Rooker-Feldman does not apply to independent federal constitutional claims.

---

Issue 3: Younger Abstention Wrongly Applied

Law:

• Younger v. Harris, 401 U.S. 37 (1971) — Supreme Court: federal courts must abstain from interfering with certain state proceedings.

• H.C. v. Koppel, 203 F.3d 610 (9th Cir. 2000) — Ninth Circuit: family law proceedings generally involve important state interests, but federal courts must NOT abstain if state courts do not provide an adequate opportunity to raise federal issues.

• Trainor v. Hernandez, 431 U.S. 434 (1977) — Supreme Court: Younger abstention does not apply if there is no adequate opportunity to raise constitutional claims in state court.

Key Point:

• If systemic barriers denied you a chance to raise federal claims, Younger does not apply, and the District Court should have heard your case.

---

Issue 4: Failure to Allow Further Amendment

Law:

9th Cir. Case No. _____

• Fed. R. Civ. P. 15(a)(2) — Federal rule: Courts must freely give leave to amend when justice requires.

• Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc) — Ninth Circuit: pro se plaintiffs should almost always be given at least one opportunity to amend unless amendment would be clearly futile.

• Cato v. United States, 70 F.3d 1103 (9th Cir. 1995) — Ninth Circuit: courts should give pro se litigants a chance to amend unless it is absolutely clear no amendment could cure the complaint.

Key Point:

• You filed an amended complaint clarifying your claims.

• The District Court should have allowed you to amend again or explained clearly why amendment was futile — and they didn't.

9th Cir. Case No. _____

7. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

Sixth Circuit Court Appeals    24-06137
     Blount V. Flemmings

8. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

Blount V. Whole Foods    0:2023 cv 06017
Blount V. Two Hands    0:2023 cv 06007
Blount V. Red Robin    0:2023 cv 06004
Blount V. Char    0: 2023 cv 06013
   Blount V. UCB    0: 2023 cv 06012

Alivia Blount 4/10/25                     _____
_____
Name                                      Signature

_____
1511 sycamore Ave m-213
Hercules CA 94547